AMICK v. AMICK.

1. MAGISTRATE COURT—JUDGMENT.—EXECUTION may be issued without leave of the Court out of Circuit Court, on judgment transcripted to that Court from magistrate court at any time during active energy of the judgment. MR. JUSTICE POPE *dissents. Code, 310, construed.*

2. HOMESTEAD — JUDGMENT — PURCHASE MONEY. — Creditor loaning money paid on purchase money of land, cannot have indorsed on judgment and execution for the debt certificate that same was contracted for purchase money of the land, so as to exempt it from homestead provisions.

Before ALDRICH, J., October, 1899. Affirmed.

Motion by Oma S. Amick against Simon Amick and Henry D. Taylor. From Circuit decree, refusing motion, the movant appeals.

*Mr. G. T. Graham,* for appellant, cites: *As to leave to issue execution:* Code, 310; 37 S. C., 517; Code, 309, sub. 2. *As to the certificate as to purchase money contract:* Con., sec. 28, art. III.; Rev. Stat., 2133; 33 S. E. R., 501; 17 S. C., 490.

*Messrs. Efird & Dreher,* contra, cite: *As to leave to issue execution:* Code, 309. *Not purchase money contract:* 8 S. C., 87.

October 2, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 7th day of February, 1898, the plaintiff gave written notice to the defendant that she would, on the 23d day of February, 1898, move before his Honor, D. A. Townsend, as presiding Judge, at Lexington, S. C., or as soon thereafter as counsel can be heard, for leave to issue an execution upon the judgment obtained by her against the defendants in the trial justice court of Trial Justice J. W. Swedenburg, of Lexington County, S. C., which had by transcript thereof been lodged in the office of the

clerk of the Court of Common Pleas for said county of Lex-
ington, and that said judgment now constitutes judgment
roll No. 848 of said Court of Common Pleas, no part of
which judgment had been paid, and that she would also
move before Judge Townsend, at the time and place afore-
said, to have the Court certify on said execution, or direct
the clerk of said Court to so certify on said execution, that
plaintiff's judgment was obtained on a debt contracted for
the purchase money of a tract of land containing sixty-four
acres, more or less, now owned and resided upon in Lexing-
ton County, S. C., by the said Simon Amick, and adjoins
the lands of the defendant, Henry D. Taylor, Perry Low-
man and perhaps others. On the 7th day of October, 1897
(meaning 1898), a consent order was passed appointing H.
A. Spann, Esq., special referee to take the testimony of the
witnesses and report to the Court. The testimony was
practically the same as is covered by the affidavit of Oma S.
Amick, which affidavit is as follows: "Personally appeared
before me Oma Salenda Amick, who, being duly sworn,
says: that she obtained a judgment in the above entitled
action before Trial Justice J. W. Swedenburg, of Lexington
County, on the 20th day of February, 1889, for the sum of
$90.01, including $6 costs; that a transcript of said judg-
ment was duly lodged in the office of the clerk of the Court
of Common Pleas of Lexington County, on the 17th day of
May, 1889, and was duly docketed in the office of the clerk
of the Court of said county, which said judgment now con-
stitutes judgment roll No. 848 of the Court of Common
Pleas of Lexington County, S. C. That no part of said
judgment has been paid, and no execution has ever been
issued upon said judgment by the clerk of the Court of said
county. That said judgment remains wholly unpaid; that
the deponent is now the lawful owner and holder of said
judgment; that the debt upon which said judgment was ob-
tained was for the purchase money of the tract of land on
which the defendant, Simon Amick, now resides, which tract
of land is situated in Lexington County, adjoining lands of

the defendant, Henry D. Taylor, Perry Lowman and perhaps others, and contains about sixty-four acres, more or less. That deponent is desirous of having an execution issued upon said judgment against said defendants, Simon Amick and Henry D. Taylor, according to law, and that this Court do certify on said execution, or direct the clerk of this Court to certify, that said judgment was obtained on a debt contracted for the purchase money of said tract of land, and that said judgment is for the purchase money of said premises. Wherefore, this plaintiff asks that an execution upon said judgment may be issued against said defendants, and that this Court may direct the clerk of this Court to certify that said judgment was for the purchase money of said tract of land." Plaintiff further stated that she loaned the money for which the note sued to judgment was given to Simon Amick, to pay on the purchase money of the tract of land on which he lived, and which he had bought from Henry D. Taylor, and that she carried Amick the money and saw him pay it to Taylor. Judgment roll 848 offered in evidence. Defendant, Henry D. Taylor, examined as a witness for plaintiff, testified: "Know that plaintiff loaned money to defendant, Simon Amick, to pay on land which he lives on. I sold the land to Amick. Amick said he could get it from his sister, and wanted me to sign his note for it. She let him have the money and he paid it to me on the land. I signed Amick's note for the money. It is a fact that there was a renewal note for the first one, and the judgment was obtained on renewal note." E. L. Amick, sworn for defendant, Simon Amick: "I wrote note for plaintiff a good many years ago (paper handed witness). That was the note. Defendant signed it and I gave it to plaintiff."

Judge James Aldrich heard the cause and made this decree: "This matter comes before me on notice of motion for leave to issue an execution on a judgment obtained in the trial justice court on the 20th day of February, 1889. It appears that the motion was not tried on the affidavits, but a reference was ordered to take the testimony, and the matter

now comes up before me on the notice and testimony taken before the referee. At the hearing the defendant's counsel make the point that if the notice and motion were to be construed into a proceeding to revive the judgment, he desired to interpose the objection that it was not in proper form, but should have been commenced by summons, as required by sub. 2 of sec. 309 of the Code. After full argument, I conclude that there are three grounds upon which the proceeding should be dismissed. First. I know of no such proceeding under the present law as leave to issue execution before or after the active energy of the judgment has expired. Second. Under the present law, there is no such proceeding as leave of the Court to issue an execution, because that can be done so long as the active energy of the judgment exists, as a matter of course. Then this proceeding must be considered as one to revive a judgment, and that can only be done by summons, as prescribed in sub. 2, sec. 309, of the Code. Third. It appears from the evidence that the plaintiff was not the vendor of the land to the defendant, Amick, now owned by him, but that she loaned him the money for which this judgment was obtained, which money he paid upon the purchase money of·the land upon which he now lives. I am, therefore, of opinion that this is not such a debt as is protected by the proviso to the homestead provisions, and that plaintiff is not entitled to the certificate asked for. It is, therefore, ordered and adjudged, that the motion be dismissed."

And from this decree the plaintiff appeals upon the following grounds: "1. For that his Honor erred in holding that 'I know of no such proceeding under the present law as leave to issue execution before or after the active energy of the judgment has expired.' 2. For that his Honor erred in holding that 'under the present law there is no such proceeding as leave of the Court to issue an execution, because that can be done so long as the active energy of the judgment exists, as a matter of course. Then this proceeding must be considered as one to revive a judgment, and that can only

be done by summons, as prescribed in sub. 2, sec. 309, of the Code.' 3. For that his Honor erred in not holding that this was an application for leave to issue an execution upon a judgment which had been obtained before a trial justice, and docketed in the office of the clerk of Circuit Court of Lexington County, pursuant to the provisions of section 310 of the Code, as was manifest from the notice and affidavits of plaintiff and J. H. Amick, which were attached to the notice. 4. For that his Honor erred in not holding that the original judgment having been obtained before a trial justice of Lexington County, and a transcript thereof having been docketed in the office of the clerk of the Court of Lexington County, and no execution having been issued thereon, that the application for leave to issue execution thereon must be to the Circuit Court of the county where the judgment was rendered, under section 310 of the Code, and it is respectfully submitted that his Honor erred as matter of law in refusing to grant plaintiff leave to issue execution under all the facts of the case. 5. For that his Honor erred in not holding that where a judgment was obtained before a trial justice or other inferior court, and docketed in the office of the clerk of Circuit Court, that an execution could not be issued except by leave of the Circuit Court, as provided for in section 310 of the Code. 6. For that his Honor erred in holding: 'It appears from the evidence that the plaintiff was not the vendor of the land to the defendant, Amick, now owned by him, but that she loaned him the money for which this judgment was obtained, which money he paid upon the purchase money of the land upon which he now lives. I am, therefore, of opinion that this is not such a debt as is protected by the proviso to the homestead provisions, and that plaintiff is not entitled to the certificate asked for.' 7. For that his Honor erred in refusing to pass an order directing the clerk of the Court to certify on the execution to be issued in the case that the judgment in this case was obtained on a debt contracted for the purchase money of the tract of land described in the affidavit of plaintiff."

It is well to bear in mind that the application of the plaintiff to the Circuit Court for the relief set out in the affidavit of plaintiff must be regarded as of 7th day of February, 1898. On the 17th day of May, 1889, her judgment was docketed and enrolled in the office of the clerk of the Court of Common Pleas for Lexington County. So that when the plaintiff applied for the relief, we are now to consider her judgment was eight years, eight months and twenty days old. In other words, the ten years referred to in our act of the General Assembly during which judgments obtained after the year 1873 had a lien, and needed no renewal in order to give vitality to an execution issued for their enforcement, had not expired. The question suggested by the first exception naturally presents itself, namely, in judgments transcripted to the office of the clerk of Circuit Court from a trial justice court, can execution issue without leave of Court? Certainly, section 310 of our Code seems not to regard it legal to issue executions on such judgments without leave of Court first had, for it expressly provides: "Section 310 * * * when judgments shall have been rendered in a court of trial justice or other inferior court, and docketed in the office of the clerk of the Circuit Court, the application for leave to issue execution must be to the Circuit Court of the county where the judgment was rendered." This requirement of law seems natural and proper when trial justice judgments are docketed in the clerk's office of the Circuit Court, who is purely a ministerial officer, except in a few cases, to enable an execution on such judgment to issue and be attested by said clerk, the direction of a Circuit Judge is proper. So, therefore, I think the Circuit Judge was in error, as is pointed out in exceptions 1, 2, 3, 4 and 5, and they are sustained. *Rhoad* v. *Patrick,* 37 S. C., 517.

The remaining exceptions cannot be sustained, for we agree with the Circuit Judge, that the plaintiff had no right to have indorsed upon her execution to be issued from the Court of Common Pleas that the debt sued on was

an obligation contracted for the purchase money of said homestead of the defendant, Simon Amick, for such was not the fact. The plaintiff, Amick, did not sell and convey the tract of land purchased by her brother, Simon Amick, but, on the contrary, his codefendant sold and conveyed said lands to Simon Amick. See *Calmes* v. *McCracken,* 8 S. C., 87. Simply because Miss Oma S. Amick lent the money to her brother, Simon Amick, to pay H. D. Taylor for the land, does not make Simon's note to her an obligation for the purchase money. This being so, of course, the Circuit Judge was correct in refusing such a certificate as Miss Amick sought to have indorsed on her execution.

Our judgment should be, in my opinion, as follows: "The judgment of the Circuit Court, where it denies to the appellant the right to have an execution on her judgment issued by the clerk of the Circuit Court, must be reversed." But since the whole Court agrees that wherein it adjudged that the plaintiff was not entitled to have the clerk of the Circuit Court place a certificate upon said execution, that the obligation upon which the judgment was obtained was for the purchase money of the tract of land owned by the defendant, Simon Amick, such judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE MCIVER, *dissenting, with whom concur* MESSRS. JUSTICES GARY *and* JONES.

While I agree with Mr. Justice Pope in the view which he has taken of the sixth and seventh propositions, I am unable to agree with him in the views which he has expressed in reference to the other exceptions. The undisputed facts are that on the 20th day of February, 1889, the plaintiff recovered a judgment against the defendants, in a trial justice court, in Lexington County, for the sum of $90.01, and "that a transcript of said judgment was duly lodged in the office of the clerk of the Court of Common Pleas of Lexington County, on the 17th day of May, 1889, and was duly docketed in the

office of the clerk of said Court, which said judgment now constitutes judgment roll No. 848 of the Court of Common Pleas of Lexington County, S. C." It further appears, "that no part of said judgment has been paid, and no execution has ever been issued upon said judgment by the clerk of the Court of the said county." It is also claimed by the plaintiff that the debt upon which said judgment was recovered was for the purchase money of the tract of land upon which the defendant, Simon Amick, resides, but this claim is contested by the defendants. On the 7th of February, 1898, the plaintiff gave defendants notice of a motion before the Circuit Court, "for leave to issue an execution upon the judgment in the above entitled action against the defendants, Simon Amick and Henry D. Taylor, and that a certificate be indorsed on said execution, showing that said judgment is for the purchase money of the tract of land described in the affidavit of the plaintiff, which is hereto attached." The Circuit Judge refused the motion, holding that the ten years, during which the judgment had a lien, not having expired, there was no necessity for an order granting leave to issue an execution, and also holding that the evidence adduced was insufficient to show that the debt upon which the judgment was recovered was a debt for the purchase money of the land. It is true, that the Circuit Judge, in his decree, does say that if this proceeding should be regarded as an application to renew the judgment, then the plaintiff cannot succeed, because the Code expressly provides, in sub. 2, of sec. 309, that such relief must be sought by summons. But this point seems to me wholly immaterial, as it is very apparent, from the terms of the plaintiff's notice of motion, that she sought no such relief. So that, practically, the exceptions of appellant raise but two questions: 1st. Whether there was error in refusing the motion for an order granting leave to plaintiff to issue an execution. 2d. Whether there was any error in refusing to require the clerk to indorse upon the execution the desired certificate, for the purpose of avoiding the effect of the homestead exemption.

As to the second of these questions, it is needless for me to say anything, as I concur in the view taken of that question by Mr. Justice Pope. I shall, therefore, confine my remarks to the first question.

I do not suppose that it will be denied that if the plaintiff, at the time she commenced this proceeding, could have issued her execution for the enforcement of her judgment without leave of the Court, there would have been no error in refusing her motion. So that the question is narrowed down to the inquiry, whether she could have then issued her execution without leave. In section 87 of the Code it is provided as follows: "A trial justice, on the demand of a party in whose favor he shall have rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of the Circuit Court of the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted thereon and entered in the abstracts of judgment, *and from that time the judgment shall be a judgment of the Circuit Court,*" &c. (italics mine). And in sub. 13, of sec. 88, of the Code, the provision is as follows: "If the judgment be docketed with the clerk of the Circuit Court, the execution shall be issued by him to the sheriff of the county, and have the same effect, and be executed in the same manner, as other executions and judgments of the Circuit Court." The effect of these statutory provisions is to put a judgment obtained before a trial justice (now magistrate), after it has been duly transcripted to the Circuit Court and docketed by the clerk thereof, precisely upon the same footing as a judgment originally obtained in the Circuit Court, and the same may be enforced in the same manner as such last mentioned judgment. This view is expressly recognized in *Rhoad* v. *Patrick,* 37 S. C., 517. See, also, to same effect, *Lawrence* v. *Isear,* 27 S. C., 244, and *Garvin* v. *Garvin,* 34 S. C., 388. Now it being conceded that the plaintiff's judgment, originally obtained in a trial justice court on the 20th day of February, 1889, had been duly transcripted to the office of the

clerk of the Court of Common Pleas, and there docketed by the said clerk on the 17th day of May, 1889, it became from that date, under the law above cited, a judgment of the Circuit Court, to be enforced in the same manner as a judgment of that Court. · So that the practical inquiry is, whether a judgment of the Circuit Court, entered on the 17th day of May, 1889, could be enforced by an execution issued without leave of the Court at any time within ten years from the date of such entry? To this question the provisions of the Code, and at least one decision of this Court, furnish a conclusive answer in the affirmative. Section 303 of the Code provides as follows: "Writs of execution for the enforcement of judgments shall conform to this title, and the party in whose favor judgment has been heretofore or shall hereafter be given; and in case of his death, his personal representative, duly appointed, may, at any time within ten years after the entry of judgment, proceed to enforce the same as prescribed by this title." And sec. 310, sub. 1, of the Code, reads as follows: "Executions may issue upon final judgments or decrees at any time within ten years from the date of the original entry thereof, or within ten years from the date of any revival of the same, and shall have active energy during said periods respectively, without any renewal or renewals thereof, and thus whether any return or returns may or may not have been made during such periods respectively in said execution; *Provided,* the execution shall not issue or be renewed in any case after the lapse of twenty years from the date of original entry of the judgment. Executions shall not bind the personal property of the debtor, but personal property shall only be bound by actual attachment or levy thereon, for the period of four months from the date of such levy. When judgment shall have been rendered in a court of trial justice or other inferior court, and docketed in the office of the clerk of the Circuit Court, the application for leave to issue execution must be to the Circuit Court of the county where the judgment was rendered." These provisions clearly show that an execution may issue, without

leave of the Court, to enforce a judgment at any time within ten years from the date of such entry; and such view is fully supported by the case of ·*Lawrens* v. *Ganbling,* 13 S. C., 120. Now as it is apparent that the application of the plaintiff for leave to issue an execution to enforce her judgment, was made not only within ten years from the date of entry of such transcript of judgment in the office of the clerk of the Court, but also within ten years from the date when the judgment was originally obtained in the trial justice court, there could be no error of law in refusing her motion for leave to do that which she had the right to do without leave of the Court. The contention in the leading opinion that the language used in the last sentence of sub. 1, of section 310, of the Code, quoted above, forbids the plaintiff from issuing execution upon her judgment without leave of the Court, cannot, in my judgment, be sustained. The object of the language relied upon was simply to declare to what Court the application for leave to issue an execution on a judgment of a trial justice, which had been transcripted to the Circuit Court, should be made, when application for leave to issue an execution on a judgment of a trial justice which had been transcripted to the Circuit Court, should be made, when application for leave to issue an execution became necessary. There is not a word used in that sentence indicative of an intention on the part of the legislature to forbid a plaintiff from issuing an execution to enforce a judgment originally obtained before a trial justice and afterwards transcripted to the Circuit Court, without leave of the Court; but, on the contrary, the sole purpose of the language relied upon was to declare that *when* an application for leave to issue an execution on such a judgment becomes necessary, such application must be made—*not* to the trial justice court, but to the Circuit Court. So that even if the last sentence in sub. 1, of sec. 310, of the Code, stood alone, the inference which has been drawn from it would not be justified; but when considered in connection with the other provisions of the other sections of the Code cited above, it becomes still

more apparent that such an inference is altogether unwarrantable. Such a view would destroy the uniformity of the law in respect to issuing executions for the enforcement of final judgments; for the manifest scheme of the law was to place a judgment transcripted from a trial justice court to the Circuit Court upon the same footing with a judgment originally obtained in the Circuit Court, and no reason has or can be suggested why any such distinction as that contended for should be recognized. If a plaintiff who has recovered a judgment in the Circuit Court may, at any time within ten years from the entry of his judgment, issue an execution to enforce the same without leave of the Court, I am unable to conceive any reason, in the absence of an explicit statutory declaration to the contrary, why a plaintiff who has obtained a judgment in a trial justice court, and has duly transcripted his judgment to the Circuit Court, whereby, as the statute expressly declares, such judgment becomes a judgment of the Circuit Court, may not, at any time within the ten years, issue his execution without leave of the Court.

I think, therefore, that there was no error on the part of the Circuit Judge in refusing the motion for leave to issue execution, or in refusing to indorse the proposed certificate thereon; and hence I am of the opinion that the order appealed from should be affirmed.